UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DWIGHT CURTIS,

        Plaintiff,                CIVIL ACTION NO. 06-11294

    v.                        DISTRICT JUDGE DENISE PAGE HOOD

JO ANNE B. BARNHART,        MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This Social Security case comes before the court on the parties' cross-motions for summary judgment. For the reasons stated herein, the court recommends that the Commissioner's motion be granted and that the plaintiff's motion be denied.

### II. Background

On January 15, 2003, plaintiff filed an application for Social Security Disability Insurance Benefits, claiming that he was disabled due to a back injury. (Tr. 44, 59) He alleged a disability onset date of June 7, 2002. (Tr. 44-46) Plaintiff was 44 years of age when he filed the initial application. He has a high school education (Tr.65) and has worked in the past as a roofer. (Tr. 60, 210)

-1-

The Social Security Administration (SSA) denied plaintiff's claim on initial review.  (Tr. 28-32)  Plaintiff then requested a hearing before an administrative law judge (ALJ).  (Tr. 24)  The hearing was held on March 2, 2005, before ALJ Neil White.  (Tr. 206-222)  Plaintiff, represented by counsel, appeared and testified at the hearing.  The ALJ also took testimony from Mary Williams, a vocational expert (VE).

On June 15, 2005, the ALJ issued a decision denying plaintiff's claim.  (Tr. 15-23)  The ALJ determined that plaintiff had degenerative disc disease of the lumbar spine.  The ALJ further determined that plaintiff's impairments were "severe" within the meaning of 20 C.F.R. § 404.1520(c), but that he did not have an impairment that met or equaled any impairment listed in Subpart P, Appendix 1 of the Social Security Regulations. Additionally, the ALJ characterized the plaintiff's past work as heavy work activity and that the requirements of such work exceeded the claimant's residual functional capacity (RFC). Therefore, the plaintiff was precluded from returning to his past work either as he performed it or as it is performed in the national economy. The ALJ found that plaintiff retained the RFC to perform a range of sedentary work and that there were a significant number of jobs in the local economy that he could perform within that RFC.[1] Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act.

---

[1]"Sedentary" work is defined in 20 C.F.R. § 404.1567(a) as follows:
> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

Following the ALJ's denial of his claim, plaintiff filed a request for review of the decision with the SSA's Appeals Council.  (Tr. 11-12)  The Appeals Council denied the request on March 10, 2006.  (Tr. 5-7)  The ALJ's decision thus became the final decision of the Commissioner.

On March 29, 2006, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  As noted above, the parties have filed cross-motions for summary judgment.  Plaintiff contends that the ALJ erred in concluding that plaintiff's allegations of disabling pain and limitations were not totally credible, which caused an inaccurate hypothetical to be posed to the VE at the administrative hearing.  Therefore, the ALJ erred in relying upon the VE's testimony in concluding the plaintiff was not disabled.  Additionally, Plaintiff contends that the ALJ erred by failing to accord appropriate weight to the opinions of the state agency physician, and by failing to explain the decision.  The Commissioner contends that the disability determination is supported by substantial evidence and should thus be affirmed.

### III. Legal Standards

#### A. Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  Further,

> an individual shall be determined to be under a disability only if his
> physical or mental impairment or impairments are of such severity
> that he is not only unable to do his previous work but cannot,
> considering his age, education, and work experience, engage in any

other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). The claimant bears of the burden of proving that she is disabled.  Foster

v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate Social Security Disability claims.  See 20 C.F.R. §

404.1520.  As discussed in Foster, Id. at 354 (citations omitted), this process consists of the

following:

The claimant must first show that she is not engaged in substantial gainful activity. Next the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment."  If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she  is incapable of performing work that she had done in the past.  Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. The burden shifts to the Commissioner at the fifth step to establish the claimant's ability to do other work.

## B. Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. 405(g), which

provides in part:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial Review under § 405(g) is limited to a determination of whether the ALJ's findings

are supported by substantial evidence and whether the ALJ applied the proper legal standards.

Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270,

273 (6th Cir. 1997).  "Substantial evidence is more than a mere scintilla of evidence but less than a

preponderance of the evidence as a reasonable mind might accept as adequate to support a

conclusion."  Brainard, 889 F.3d at 681.  Further, "the decision of an ALJ is not subject to

reversal, even if there is substantial evidence in the record that would have supported an opposite

conclusion, so long as substantial evidence supports the conclusion reached by the ALJ."  Key,

109 F.3d at 273.

**IV. Analysis**

   **A.  Pain and Credibility**

Plaintiff's first claim is that the ALJ erred in assessing the credibility of his complaints of

pain to his lower back and ongoing difficulties relating to weakness and pain affecting his lower

and upper extremities.  The ALJ determined that plaintiff's allegations regarding his limitations

"are not totally credible for the reasons set forth in the body of the decision."  (Tr. 22)

A review of that decision shows that on June 7, 2002, the plaintiff experienced an onset of

lower back pain while lifting a heavy piece of roofing material.(Tr.20) The plaintiff's condition

was initially diagnosed as a lumbar strain. An MRI revealed evidence of degenerative changes,

disc space narrowing and disc bulging at the L5-S1 but no evidence of disc herniation or nerve

root impingement. (Tr. 109, 110, 159-61, 143, 153) An EMG on the plaintiff''s lower extremities

revealed evidence of radiculopathy. (Tr. 153) Upon making his credibility determination, the ALJ

looked at the objective medical evidence available. This included the plaintiff's release to return to light-level work approximately two weeks after suffering his injury. (Tr. 98,100) MRI and laboratory testing on the lumbar spine showing no more than mild degenerative changes with no neurological involvement. (Tr. 109, 110, 159-61, 143, 153) The plaintiff exhibited "excellent" response to Dr. DiBella's treatment of epidural steroid injections. (Tr. 128) Plaintiff had met all the treatment goals of physical therapy. (Tr. 111) Medical assessments of the plaintiff performed by Dr. Iwanow for gait and heel/toe walking were described as normal, testing for straight leg raising turned out negative and the plaintiff exhibited no difficulty when squatting. (Tr. 116, 117, 119, 121, 141, 151) Dr. Iwanow recommended that the plaintiff should avoid work activity that required twisting, bending or lifting more than 30 pounds. (Tr.141, 151)

The ALJ found that the plaintiff was not totally credible. An ALJ's findings regarding the credibility of the appellant "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." Walter v. Commissioner of Social Security, 127 F. 3d 525, 531 (6th Cir. 1997). However, credibility assessments are not insulated from judicial review. Despite the deference due, such a determination must nevertheless be supported by substantial evidence. Id.

With regard to plaintiff's allegations of disabling pain, the regulations provide that a claimant's statements regarding her "pain or other symptoms will not alone establish that [he is] disabled[.]" 20 C.F.R. § 404.1529(a); see also Walters, supra. 127 F.3d at 531. Rather, "there must be medical signs and laboratory findings which show that you have a medical impairments(s) which could reasonably be expected to produce the pain or other symptoms alleged and which,

when considered with all of the other evidence … would lead to a conclusion that you are

disabled." 20 C.F.R. § 404.1529(a). The Sixth Circuit has developed a two-prong test for

evaluating a claimant's assertions of disabling pain:

> First, we examine whether there is objective medical evidence of an
> underlying medical condition. If there is, we then examine: (1)
> whether objective medical evidence confirms the severity of the
> alleged pain arising from the condition; or (2) whether the
> objectivity established medical condition is of such a severity that it
> can reasonably be expected to produce the alleged disabling pain.

Walters, 127 F. 3d at 531 (citations omitted).

The record contains objective medical evidence of underlying medical conditions

consistent with the plaintiff's complaints of lower back pain, which included degenerative changes

at the L5-S1 level, disc space narrowing, disc bulging and radiculopathy. (Tr. 20)  In light of

medical evidence illustrating these conditions, the ALJ assessed the effect of the treatment on the

plaintiff and gave attention to plaintiff's treating physicians' opinions concerning the plaintiff's

response to such treatment. This treatment initially included pain medication (Vicodin) and

physical therapy, and later included epidural steroid injections. (Tr. 20) The ALJ found that the

objective medical evidence showed that the plaintiff's ability to perform work-related activity was

limited, but it did not establish that plaintiff is unable to perform all work-related activity.  (Tr. 21)

The plaintiff does not claim that the ALJ overlooked any evidence of the record which he

relied on in concluding that plaintiff was not fully credible. Rather, plaintiff contends that the ALJ

did not adequately set forth the basis for his decision that plaintiff was not fully credible.  (Pl.

Brief at 10-12)  Plaintiff states that the only reason set forth in the body of the ALJ's decision was

that "the undersigned finds the testimony of the claimant's subjective complaints as not

substantially credible based on the objective medical evidence provided by the treating

physicians." (Tr. 21)  In essence, plaintiff contends that the weight of the evidence in the record

justifies a conclusion that his complaints are entirely credible.

It is not the role of the court to conduct a *de novo* review of the evidence, resolve conflicts

in the evidence, or decide questions of credibility in the first instance.  See Garner v. Heckler, 745

F. 2d 383, 387 (6th Cir. 1984)(reviewing court "may not try the case *de novo*, nor resolve conflicts

in evidence, nor decide questions of credibility").  Rather, the court's role is limited to a

determination of whether the ALJ's decision is supported by substantial evidence.  While the

evidence in the record indicates that plaintiff experiences pain, there is not such evidence as to

overturn the ALJ's finding that the pain is not disabling. Bearing in mind the limited scope of

review and the deference due to an ALJ's credibility determination, there is sufficient evidence in

the record to sustain the ALJ's credibility determination in this matter. The credibility

determination was supported by objective medical evidence consistent with plaintiff's ability to

return to limited work related activity. There is no medical evidence offered by any of the

plaintiff's doctors in the record showing that the plaintiff has suffered side effects from his

medication or is required to lie down, recline or nap during the day.  In sum, the court concludes

that there is substantial evidence in the record to support the ALJ's credibility determination.

### B.  Hypothetical

As indicated above, plaintiff claims that the ALJ posed an inaccurate hypothetical to the

VE at the administrative hearing, thus rendering the VE's testimony unreliable.  The hypothetical

was based upon the ALJ's RFC determination, which is set forth below:

> From the time of the onset of the lower back pain on June 7, 2002,
> the claimant retained the residual functional capacity to perform a
> significant range of light work activity that requires lifting/carrying
> up to ten pounds frequently and thirty pounds occasionally.
> However, the claimant should avoid work activity that requires
> twisting or bending.

(Tr. 20)  In response to the hypothetical, the VE testified that a person of plaintiff's age, education,

past relevant work experience and with the RFC indicated above, was capable of making a

vocational adjustment to other work.  (Tr. 21)  The VE further testified that given these factors,

the claimant could work at various jobs in the lower peninsula of Michigan, which included such

jobs that have light level of exertion as an inspector (12,900 jobs), machine operator (56,200 jobs)

and as an assembler (56,700 jobs).  (Tr. 219)  The VE also identified the following jobs at the

sedentary level of exertion: inspector (1,780 jobs), assembler (12,600 jobs), and sorter (1,050

jobs).  (Tr.219- 220)

Where an ALJ poses a hypothetical question to a VE that fully and accurately incorporates

a claimant's physical and mental limitations and the VE testifies that a person with such

limitations is capable of performing a significant number of jobs in the national economy, such

testimony is sufficient to support a finding that the claimant is not disabled.  Varley v. Secretary of

Health and Human Services, 820 F.2d 777, 779 (6th Cir. 1987).

Plaintiff contends that the hypothetical was inaccurate because the ALJ failed to

incorporate the alleged side effects from the medication (Vicodin) that the plaintiff takes for his

pain in his lower back and left hip, which causes him to nap throughout the day and additionally to

recline during parts of the day.  Plaintiff notes that the VE testified that if a person needed to nap

or sit with their feet elevated to waist level to relieve pain, or as a result of fatigue, that person

would be precluded from any type of work.  (Tr. 220)

In forming a hypothetical, an ALJ must incorporate all physical and mental limitations

reasonably established by the record. See Varley, supra, 820 F. 2d 79-80. However, it is well-

settled that a hypothetical "need not reflect the claimant's unsubstantiated complaints."  Blacha v.

Secretary of Health and Human Services, 927 F.2d 228, 231 (6th Cir. 1990).  See also Stanley v.

Secretary of Health and Human Services, F.3d 115, 118 (6th Cir. 1994) ("[T]he ALJ is not obliged

to incorporate unsubstantiated complaints into his hypothetical").  Plaintiff does not provide any

evidence for his need to nap and recline during the day as a resulting side effect of the medication

that he has taken for his lower back pain.  There is no evidence that the plaintiff complained to his

physician about the side effects of the medication, nor is there evidence that at any point in time a

physician had diagnosed him with a need to nap or recline to lessen his symptoms.  Thus,

plaintiff's complaints in this regard are not substantiated by any record evidence.  Accordingly,

the ALJ was not required to include these complaints in the hypothetical he posed to the VE.  See,

e.g., Essary v. Commissioner of Social Security, 2004 WL 2452596 at *3 (6th Cir. (Tenn.))

("Although Essary testified that she suffered from dizziness and drowsiness as a result of her

medications, Essary's medical records make no indication that Essary reported such side effects to

any of her physicians. Thus, based on the record before him, the ALJ did not err in finding that

Essary suffered no adverse side effects from her medications"); Caldwell v. Barnhart, 2005 WL

1459111 at *4 (W.D.Va,) ("There was a paucity of evidence in the medical record supporting the

conclusion that plaintiff's subjective complaints constituted disabling impairments, and as such,

the ALJ acted properly in according weight to the state agency physicians that he did. The ALJ

correctly noted that there is no indication in the medical record that plaintiff must take a nap in the

afternoon or that she has spoken with any doctor regarding her need to elevate her legs to reduce

swelling").

### C.  Weight Accorded Physician's Opinion

Plaintiff contends that the ALJ erred in failing to specify the weight he afforded to a state

agency physician's RFC assessment in his written opinion.  However, it appears the ALJ gave no

weight to the state agency physician's opinion offered on April 7, 2003, that the plaintiff be

limited to light work of lifting 10 pounds frequently and 20 pounds occasionally, that the plaintiff

must periodically alternate sitting and standing to relieve pain or discomfort every two hours with

normal work breaks and that the plaintiff should be limited to only occasional climbing, balancing,

stooping, kneeling, crouching and crawling.  (Tr. 133-140)  The ALJ had a valid basis for

discrediting the state agency physician's opinions, thereby alleviating his need to expressly refer

to them in his findings.  The opinions of the state agency physician are in contrast to the findings

later offered by the plaintiff's treating physician Dr. Iwanow on September 16, 2003, which stated

that the plaintiff should avoid work activity that required twisting, bending, or lifting more than 30

pounds.  (Tr.151) Additionally, Dr. Iwanow on January 20, 2004, removed the sit/stand option as a

work restriction facing the plaintiff.  (Tr. 141)  Furthermore, the evidence offered by the state

agency physician describing the limitations of activities the plaintiff can perform were not

established by the plaintiff as requisite to the performance of light and sedentary jobs as defined

by the VE. Both physicians identify that the claimant could work, but place different limitations

on the type of work that could be performed. The difference between the opinions of the state

agency physician and the subsequent opinions of Dr. Iwanow, in particular the opposing views on

the sit/stand option, are not significant enough to enable a finding that the plaintiff could not

perform various light and sedentary jobs. A treating physician's opinion is generally entitled to

significant or controlling weight where it is well-supported and not contradicted by other

substantial evidence in the record.  See Walters v. Commissioner of Social Security, 127 F.3d 525,

529-530 (6th Cir. 1997); see also 20 C.F.R. § 416.927(d)(2).   As a result of the inconsistencies in

the RFC assessments of the plaintiff, the observations of the more familiar treating physician, Dr.

Iwanow, should be held in higher regard when the ALJ issued his findings.  For these reasons, the

ALJ did not err in affording no weight to or by not commenting on the findings of the state agency

physician in his written opinion.

## V. Conclusion

For the reasons stated above, the court recommends that the Commissioner's motion for

summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and

that plaintiff's complaint be dismissed with prejudice.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to act within ten (10) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific

objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140

(1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters,

638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to

raise others with specificity, will not preserve all the objections a party might have to this Report

and Recommendation.  <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v.</u>

<u>Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich.

LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

    Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be no more than 20 pages in length unless,

by motion and order, the page limit is extended by the court.  The response shall address  each

issue contained within the objections specifically and in the same order raised.


        <u>S/Virginia M. Morgan</u>
        Virginia M. Morgan
        United States Magistrate Judge


Dated:  December 5, 2006

   _____