**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


**DWIGHT CURTIS,**

          **Plaintiff,**

                                     **Case No.     06-11294**

**v.**

                                     **HONORABLE DENISE PAGE HOOD**

**JO ANNE B. BARNHART,**
**COMMISSIONER OF SOCIAL SECURITY,**

          **Defendant.**
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Virginia M. Morgan's Report and Recommendation dated December 5, 2006. Neither party filed objections to the Report and Recommendation.

On March 29, 2006, Plaintiffs brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Commissioner of Social Security. The Administrative Law Judge ("ALJ") concluded that, although Plaintiff has degenerative disc disease of the lumbar spine, his impairments do not meet or medically equal a listed impairment. The ALJ found Plaintiff's subjective complaints not substantially credible and concluded that Plaintiff has a residual functional capacity (RFC) to perform a significant range of light work that requires lifting or carrying up to ten pounds frequently and thirty pounds occasionally. Plaintiff raises three objections to the findings of the ALJ. Magistrate Judge Morgan recommended that Defendant's Motion for Summary Judgment be granted and Plaintiff's Motion for Summary Judgment be denied.

1

Plaintiff's first objection to the findings of the ALJ is that the ALJ erred in finding that Plaintiff's subjective complaints of pain and weakness were not substantially credible. The Magistrate Judge concluded that the credibility determination of the ALJ is supported by objective and substantial medical evidence in the record, which supports Plaintiff's ability to return to work. The Magistrate Judge found that, while there is subjective and objective evidence in the record indicating that Plaintiff experiences pain, there is not sufficient evidence to overturn the ALJ's finding that the pain is not disabling. Given the limited role of this Court in reviewing issues of credibility, the Court finds that the Magistrate Judge is correct in concluding that there is substantial evidence in the record to support the ALJ's credibility determination. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (concluding that the reviewing court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility").

Plaintiff's second objection to the findings of the ALJ is that by failing to incorporate the alleged side effects of Plaintiff's medications, which allegedly cause him to nap and recline during parts of the day, the ALJ posed an inaccurate hypothetical to the Vocational Expert ("VE") at the administrative hearing, which rendered the VE's testimony unreliable. Plaintiff points out that the VE testified that if a person needed to nap or sit with their feet elevated to waist level to relieve pain, that person would be precluded from any type of work. (Tr. 220). The Magistrate Judge found that there is no record evidence that Plaintiff complained to his physician about the side effects of the medication or that a physician diagnosed him with a need to nap or recline to lessen the side effects of Vicodin. Magistrate Judge Morgan concluded that because Plaintiff's complaints are not susbstantiated by any record evidence, the ALJ was not required to include these complaints in the hypothetical posed to the VE. *See Essary v. Commissioner of Social Security*, 114 Fed. Appx. 662,

665-66 (6th Cir. 2004) ("Although Essary testified that she suffered from dizziness and drowsiness as a result of her medications, Essary's medical records make no indication that Essary reported such side effects to any of her physicians. Based on the record before him, the ALJ did not err in finding that Essary suffered no adverse side effects from her medications"); *Steiner v. Secretary of Health and Human Services*, 859 F.2d 1228, 1231 (6th Cir. 1987). Although drowsiness may be considered a commonly known side effect of Vicodin, there is no evidence in the present record that Plaintiff complained of side effects of his medications to his physicians or that there was a proscribed need to nap or recline during the day. The Magistrate Judge is therefore correct in asserting that Plaintiff's complaints in this regard are not substantiated by the record. The ALJ did not err in failing to include these complaints in the hypothetical posed to the VE. *See Stanley v. Secretary of Health and Human Services*, 39 F.3d 115, 118-19 (6th Cir. 1994) ("[T]he ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals [posed to the VE] . . ."); *See also Blancha v. Secretary of Health and Human Services*, 927 F.2d 228, 231 (6th Cir. 1990).

Plaintiff contends that the ALJ committed reversible error by failing to explain why the opinion of a state agency physician, as part of an RFC Assessment, was not adopted. (Tr. 133-140). The Magistrate Judge found that the ALJ had a valid basis for discrediting the April 7, 2003 opinion of the state agency physician because the opinion conflicted with the September 16, 2003 opinion of Dr. Alexander Iwanow, Plaintiff's treating physician. Specifically, the state agency physician opined that Plaintiff should be limited to light work of lifting ten pounds frequently and twenty pounds occasionally and that plaintiff must periodically alternate between sitting and standing to relieve pain or discomfort every two hours. Dr. Iwanow opined that Plaintiff should avoid work activity that requires twisting, bending or lifting more than thirty pounds and he removed

the sit/stand restriction.

Generally, the opinions of treating physicians are accorded greater weight than a physician who examines the claimant on only one occasion. *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). Pursuant to agency regulations, if the Commissioner determines that a treating source's opinion is well supported and is not inconsistent with other substantial evidence in the record, the Commissioner is to give controlling weight to the opinion of the treating physician. *See Id.*; 20 C.F.R. § 404.1527(d)(2). The Magistrate Judge concluded that although there are slight inconsistencies between the state agency physician and Plaintiff's treating physician's opinions on Plaintiff's work limitations, both concluded that Plaintiff was able to work and therefore the slight difference in opinions do not disturb the finding that Plaintiff was able to perform various light and sedentary jobs. The Magistrate Judge was correct in concluding that the ALJ did not err in affording no weight to and not commenting on the findings of the state agency physician in his opinion.

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Virginia M. Morgan **[Docket No. 10, filed December 5, 2006]** is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment **[Docket No. 8, filed July 28, 2006]** is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **[Docket No. 9, filed August 28, 2006]** is GRANTED.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: September 13, 2007

 

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 13, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager